IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| NICOLE BARNARD,<br><br>    Plaintiff,<br><br>v.<br><br>PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Defendant. | Civil Action No. |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, Nicole Barnard, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plans, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

1

3. Venue is proper within the Eastern District of North Carolina pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Nicole Barnard, (hereinafter "Plaintiff" or "Ms. Barnard"), is currently and was at all relevant times, a resident of Nash County, North Carolina.

5. Defendant Prudential Life Insurance Company of America (hereinafter "Prudential") is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the North Carolina Department of Insurance at 1201 Mail Service Center Raleigh, NC 27699-1201.

6. Defendant Prudential is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. 53457, issued by Prudential to RSC Insurance Brokerage, Inc./One80 Intermediaries.

## FACTS

7. Plaintiff was employed by RSC Insurance Brokerage, Inc as. Systems Administrator, Sr.

8. By virtue of her employment, Plaintiff was enrolled in the RSC Insurance Brokerage, Inc. long term disability plan which is an ERISA employee welfare benefit plan (the "Plan").

9. Benefits under the Plan are insured by Prudential under Group Long Term Disability Policy No. 53457, issued by Prudential to RSC Insurance Brokerage, Inc.

10. Plaintiff is a participant or beneficiary of the Plan.

11. Plaintiff ceased work due to a disability related to her medical conditions, including chronic pain syndrome, polyneuropathy, and other conditions, on October 18, 2024, while covered under the Plan.

12. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

13. Plaintiff filed an application for LTD benefits under the Plan.

14. Prudential approved Plaintiff's application and paid benefits until February 28, 2025.

15. By letter dated March 24, 2025, Prudential terminated Plaintiff's LTD claim, explaining that it had determined that the medical evidence did not support restrictions and limitations preventing her from performing her own occupation.

16. Plaintiff appealed the termination of her benefits by letter dated September 19, 2025, supporting the appeal by providing updated medical records, a functional capacity evaluation (FCE), and a claim data symptom impairment report.

17. The FCE found that Ms. Barnard was not able to perform even sedentary work.

18. In the same letter, Plaintiff requested an extension of 30 days, or until October 19, 2025 to submit additional relevant information.

19. On September 24, 2025 Prudential wrote to Plaintiff, explaining that she had until October 4, 2025 to submit her complete appeal, but at that point, could provide some additional time.

20. On October 8, 2025, Prudential requested that Plaintiff complete additional forms for the appeal by November 7, 2025 and stated that the CD copy of the appeal was received and it was not considered complete.

21. On October 10, 2025, Plaintiff wrote to Prudential, explaining that the CD was not the complete appeal, and all information would be submitted by October 19, 2025, and requested that Prudential not begin its review until all information was submitted.

22. On October 16, 2025, Plaintiff submitted a vocational evaluation from Ashley Johnson.

23. In the same letter, Plaintiff confirmed that Prudential's 45-day deadline to make a decision would begin from that day, or until November 30, 2025.

24. Plaintiff submitted additional information on November 6, 2025.

25. On November 14, 2025, Prudential requested its 45-day extension, confirming its deadline was January 1, 2026.

26. On November 18, 2025, Prudential forwarded Plaintiff information that it believed supported a denial, including medical and vocational evaluations, requesting a response within 10 days.

27. The medical reviews included a review from Dr. Cho, who agreed that Ms. Barnard would have had the restrictions found in the FCE as of July 2025, but not in March 2025, when her claim was denied.

28. On November 26, 2025, Plaintiff requested an extension until December 26, 2025 in order to submit her response, agreeing to toll Prudential's deadline to make a decision until the information was submitted.

29. By letter dated December 1, 2025, Prudential agreed to the extension and agreed the deadline to respond was now December 26, 2025.

30. On December 23, 2025, Plaintiff wrote to Prudential, submitting opinion forms from her treating providers and additional medical records.

4

31. Both opinion forms confirmed that Ms. Barnard's limitations in the FCE in July 2025 were consistent with her condition in March 2025.

32. She confirmed in her letter that Prudential's deadline was now February 6, 2026.

33. On January 26, 2026, Prudential provided Plaintiff with a file review addendum, requesting a response within 7 days.

34. The file review addendum confirmed that Dr. Cho did not change his opinion that the FCE in July 2025 did represent Ms. Barnard's condition in March 2025.

35. Dr. Cho did not explain his disagreement with Ms. Barnard's treating providers.

36. In the same letter, Prudential confirmed that the 90-day deadline for the review was currently February 8, 2026, and requested an additional extension.

37. By letter dated February 2, 2026, Plaintiff responded to the medical addendum, and did not agree to Prudential's extension request.

38. Prudential's deadline remained February 8, 2026.

39. On9 February 3, 2026, Prudential wrote to Plaintiff, asking whether or not she agreed to extend its deadline.

40. On February 4, 2026, Plaintiff confirmed that Prudential's deadline remained February 8, 2026.

41. Prudential did not respond.

42. To date— 8 days after Prudential's decision was due, Prudential has not responded to Plaintiff's appeal and has failed to act on Plaintiff's claim within the time deadlines required by 29 C.F.R. § 2560.503-1.

43. Prudential has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

44. Pursuant to 29 C.F.R. § 2560.503-1(l), due to Prudential's failure to act in a timely fashion, Plaintiff is deemed to have exhausted her administrative remedies and is entitled to pursue all available remedies under ERISA 502(a) in this Court.

45. Due to Prudential's failure to establish and follow reasonable claims procedures, and because Prudential never provided a decision on the merits of Plaintiff's claim, Plaintiff is entitled to *de novo* review of its denial of her claim

46. Plaintiff has exhausted her administrative remedies under the Plan.

47. Prudential would pay any benefits due out of its own funds.

48. Prudential owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

49. Prudential was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

50. Prudential allowed its concern over its own funds to influence its decision-making.

51. Prudential breached its fiduciary duties to Plaintiff, including the duty of loyalty.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

52. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

53. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

54. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

55. The decisions to deny benefits were wrong under the terms of the Plan.

56. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

57. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

58. The decisions to deny benefits were not supported by substantial evidence in the record.

59. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

60. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as

any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 17th day of February, 2026.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY: *Kaci Garrabrant*
Kaci Garrabrant (TN Bar #039026)
Notice of Special Appearance Forthcoming
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506
FAX: (423) 634-2505
kgarrabrant@buchanandisability.com

BY: */s/ Tiffany Ours*
Tiffany Ours (NC Bar #61045)
McChesney and Ours, P.C.
930 South Pine St.
Spartanburg, SC 29302
(864)582-7882
FAX: (864)641-3764
tiffanyours@carolinadisabilities.com