# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| NICOLE BARNARD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 5:26-cv-89- FL |
| ) | |
| PRUDENTIAL LIFE INS. CO. OF AM. ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## JOINT 26(f) report and discovery plan

In accordance with the Court's order dated June 2, 2026 (Doc. 13-0), the parties submit the following Rule 26(f) report and discovery plan. The parties conducted the Rule 26(f) conference on Monday, June 1, 2026. Present were Kaci Garrabrant, counsel for the Plaintiff, and Shelley Herbert, counsel for the Defendant.

### A.  The nature of the case

This case is a dispute over long term disability ("LTD") benefits under an ERISA - governed employee benefit plan ("the plan"). The parties agree that the Court has subject matter jurisdiction because this case arises under federal law, namely the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff's position is that Prudential wrongly denied her claim for LTD benefits. Plaintiff also contends that the appropriate standard of review in this case is de novo, because Prudential failed to make a decision within the timeframe required by the applicable ERISA regulations. It is her position that under the regulations, her claim is deemed exhausted and

1

she is entitled to de novo review. Prudential's position is that its denial was correct and supported by substantial evidence in the ERISA record, and was timely issued. Prudential submits that the case should be reviewed under the arbitrary and capricious standard of review. The damages in this case are limited to the amount of back LTD benefits under the plan.

**B. Discovery**

The parties agree that Defendant's production of the ERISA administrative record will satisfy the Rule 26(a)(1) initial disclosure requirements. Plaintiff anticipates that should the Court determine that the applicable standard of review is arbitrary and capricious, she would seek limited discovery into Defendant's conflict of interest and bias, if any. Should the Court determine that the applicable standard of review is de novo, Plaintiff does not anticipate seeking discovery in this ERISA case. Regardless, the parties do not anticipate the need for a 30(b)(6) deposition or any discovery outside the above topics. The parties propose the following discovery schedule, to the extent applicable:

1. Deadline to serve discovery – 30 days before the discovery cutoff.

2. Deadline for discovery to be completed – 120 days following the resolution of motions for partial summary judgment as to the standard of review

**C. Proposed Deadlines**

Because this case is governed by ERISA, the parties anticipate that the case will be resolved through dispositive motions, rather than through a trial, and thus propose the following schedule:

1. The parties do not anticipate the need for expert witnesses as this case is an ERISA claim that will be decided on the ERISA administrative record.

2. Deadline to join additional parties – June 22, 2026

3. Deadline to file amended pleadings – June 22, 2026

2

4. Deadline for Defendant to produce the ERISA administrative record to Plaintiff – July 22, 2026

5. Deadline for Plaintiff to object to the contents of the ERISA administrative record – September 21, 2026

6. Deadline for Defendant to file the ERISA administrative record with the Court – October 21, 2026

7. Deadline to file motions as to the standard of review – November 13, 2026

8. Responses – December 4, 2026

9. Replies – December 11, 2026

10. Dispositive motions – 30 days after the conclusion of discovery

**D. Possibility of Settlement**

The parties have begun early settlement discussions amongst themselves. Should the settlement discussions prove unsuccessful, the parties will consider the use of a private mediator.

**E. Consent to Magistrate Judge**

The parties do not consent to proceedings before a magistrate judge.

**F. Rule 16(f) Conference**

The parties do not anticipate the need for a Rule 16(f) conference prior to the entry of the scheduling order in this case.

**I.     Other scheduling considerations**

The parties have requested the proposed schedule in part to allow for the resolution of all issues in this case, including the standard of review in a manner that will conserve judicial resources and streamline the discovery process and in part to accommodate maternity leave for

3

Plaintiff's counsel, who anticipates being unavailable for several weeks following the birth of her child in early August.

Respectfully submitted June 12, 2026.

| | |
|---|---|
| _/s/ Shelley Hebert_ | _/s/ Kaci Garrabrant_ |
| Shelley Hebert (admitted pro hac vice) | Kaci D. Garrabrant (admitted pro hac vice) |
| Seyfarth Shaw, LLP | ERIC BUCHANAN & ASSOCIATES, PLLC |
| 233 S. Wacker Dr. | 414McCallie Avenue |
| Suite 8000 | Chattanooga, TN 37402 |
| Chicago, IL 60606 | Phone: (423) 634-2506 |
| P: 312-460-5845 | kgarrabrant@buchanandisability.com |
| shebert@seyfarth.com | |

4